FILED

JAN 3 0 2003

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ZURICH AMERICAN INSURANCE
COMPANY,

        Plaintiff,

    v.

GENERAL MOTORS
CORPORATION,

        Defendant.

_____/

NO. CIV. S-02-2325 LKK/GGH

O R D E R

**TO BE PUBLISHED**

This matter is before the court on plaintiff's motion to remand the above-captioned case to state court, from whence defendant removed it.[1]  I decide the matter on the basis of the papers filed herein, and without oral argument.

////

---

[1] On October 30, 2002, the court issued an order directing the defendant to show cause within ten days why this case should not be remanded for lack of subject matter jurisdiction.  On November 7, 2002, defendant responded to the court's order.  On November 15, 2002, having determined that defendant's response demonstrated good cause, the court issued an order discharging the order to show cause.  On that same day, however, plaintiff timely filed the instant motion to remand.

According to the complaint, plaintiff Zurich American Insurance Company insured the employer of Nathan Kennedy under a policy of workers' compensation insurance.  Zurich alleges that defendant General Motors' defective product is responsible for injuries suffered by Kennedy during the course and scope of his employment and that Zurich, as a direct result of defendant's alleged negligence, was required to pay Kennedy's workers' compensation benefits.  Zurich brings suit against General Motors pursuant to California Labor Code § 3852,[2] seeking to recover for the amount of those benefits.

As a general matter, a case arising under California's worker's compensation laws cannot be removed to this court. See 28 U.S.C. § 1445(c) ("A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States.").  The sole question presented by plaintiff's motion, then, is whether plaintiff's claim under California Labor Code § 3852 "aris[es] under" California's workers' compensation law within the meaning of § 1445(c).

The plain meaning of § 1445(c) strongly suggests that this action does indeed "aris[e] under" the state's workmen's compensation laws.  The Eighth Circuit has formulated the

---

[2] California Labor Code § 3852 confers a right of subrogation on employers and others, such as insurance carriers, who pay workers' compensation benefits.  The statute allows those who become obligated by state law to pay workers' compensation benefits to bring an action against a tortious third party for recovery of those benefits.

2

1  following straightforward test for determining whether § 1445(c)

2  applies:

3      Under the plain meaning of the statute, where a
       state legislature enacts a provision within its
4      workers' compensation laws and creates a specific
       right of action, a civil action brought to
5      enforce that right of action is, by definition, a
       civil action arising under the workers'
6      compensation laws of that state and therefore
       § 1445(c) applies; under such circumstances, the
7      action would be nonremovable, subject only to the
       complete preemption doctrine.

8

9  Humphrey v. Sequentia, 58 F.3d 1238, 1246 (8th Cir. 1995).

10 Under the Humphrey test, there is no question that the instant

11 action is nonremovable.  Section 3852 is explicitly codified as

12 part of the state's worker's compensation laws and creates a

13 cause of action for subrogation with respect to worker's

14 compensation benefits that would not otherwise be available at

15 common law.[3]  Moreover, California courts have explained that

16     In bringing a subrogation action under Labor Code
       section 3852, the employer stands in the same
17     shoes as its injured employee.  Its action is
       purely derivative of the employee's action . . .
18     Substantively, as well as procedurally, employer
       and employee actions are interchangeable:
19     regardless of who brings an action, it is
       essentially the same lawsuit.  As a subrogee, an
20     employer's rights do not differ from those which
       would be conferred by an assignment of the same
21     claim.

22 Garofolo v. Princess Cruises, Inc., 85 Cal.App.4th 1060, 1070

23

24      [3]  Under California law, a cause of action for subrogation is
       available only where the legislature expressly provides that right.
25 See Fifield Manor v. Finston, 54 Cal.2d 632 (Cal. 1960); Witkin,
       11 Summary of California Law, 9th ed., Equity § 174; see also id.,
26 Workers' Compensation, § 66.

3

1  (2000).  Because California law draws no sharp distinction

2  between claims brought by employers and claims brought by

3  employees, allowing removal of actions brought pursuant to Labor

4  Code § 3852 would, at least in some cases, be tantamount to

5  allowing claims to recover benefits brought by employees

6  themselves.

7      While the Humphrey test has the benefit of providing a

8  simple, bright-line rule, that test has not been adopted by the

9  Ninth Circuit.  Moreover, California law, on its own, cannot

10 resolve the question.  See Jones v. Roadway Express, 931 F.2d

11 1086, 1092 (5th Cir. 1991) ("[W]hether a state has codified a

12 statute as part of its workers' compensation chapter does not

13 determine whether a claim filed under that statute is one

14 'arising under the workers' compensation laws' for the purpose

15 of section 1445(c)."). "Because section 1445 is a federal

16 statute with nationwide application, federal law governs its

17 interpretation." Reed v. Heil Co., 206 F.3d 1055, 1059 (11th

18 Cir. 2000). Although there is no published federal case

19 deciding whether § 1445(c) applies to actions for subrogation

20 under state worker's compensation laws, case law interpreting

21 § 1445(c) provides some guidance on the issue.

22     A recent case before the Ninth Circuit raised the precise

23 issue now before the court, but the Circuit declined to decide

24 the question because the unique procedural posture of the case

25 made it unnecessary to do so.  In Vasquez v. North County

26 Transit District, 292 F.3d 1049 (9th Cir. 2002), a police

4

1  officer brought suit against a transit board and railroad
2  companies in connection with an injury he allegedly sustained
3  from a railroad crossing arm.  The city that employed the police
4  officer, which covered the resulting workers' compensation
5  claim, filed a complaint in intervention, pursuant to Labor Code
6  § 3852, to recover from the board the benefits it had paid to
7  the officer.  The defendant transit board argued that, under
8  § 1445(c), the district court lacked jurisdiction over the
9  city's claim for recovery of workers' compensation benefits.  In
10 reviewing the denial of the city's motion, the Ninth Circuit
11 "assume[d], without deciding, that the City's claim [was] one
12 'arising under' California's workers' compensation law," because
13 the "convoluted procedural history" in that case made it
14 unnecessary to decide the question.  Id. at 1061.[4]  The court
15 did not decide "whether § 1445(c) would bar removal of the
16 City's claim against the Board, because that claim was never
17 removed but, instead, was first properly filed in federal court.
18 Thus, § 1445(c) [did] not apply to the claim and does not divest
19 the district court of jurisdiction."  Id.[5]

20

21  [4]  Although the city originally filed its complaint in
intervention in state court, the city failed to serve its state-
22 court complaint on the board.  After removal, the city did not
perfect timely service on the defendants, resulting in the federal
23 court's dismissal of the complaint without prejudice.  Thereafter,
the city filed an amended complaint in intervention in federal
24 court for the same claim, this time properly serving all
defendants.

25  [5]  The city's claim against other defendants in Vasquez had
been removed from state court, but those parties did not join in
26 the board's motion to dismiss under § 1445(c).  The court also

5

1   While <u>Vasquez</u> does not resolve this issue, it does offer
2   insight into the legislative concerns behind § 1445(c), as
3   revealed by its legislative history.  First, Congress was
4   concerned with preserving the plaintiff's forum choice in
5   worker's compensation cases.  "The nonremovability provision of
6   § 1445(c) simply protects the plaintiff, and nonconsenting
7   defendants, from having the plaintiff's choice of a state-forum
8   disturbed."  <u>Id.</u> at 1061.  Although the instant case was not
9   brought by an employee, remanding this case would nevertheless
10  further that policy, allowing plaintiff's subrogation rights to
11  be adjudicated by the California court in which this suit was
12  originally brought.

13  Second, "the statute reflects a congressional concern for
14  the states' interest in administering their own workers'
15  compensation schemes."  <u>Id.</u> at 1061 n.6.  Notably, resolution of
16  the § 3852 claim in <u>Vasquez</u> required the Ninth Circuit to
17  examine state worker's compensation law in order to determine
18  what damages could be awarded.  <u>See id.</u> at 1063.  Similarly, if
19  the motion to remand is denied, this court would be called upon
20  to determine the scope of plaintiff's subrogation rights under
21  California law.  While federal courts are competent to make such
22  determinations as to state law, Congress has expressed a
23  preference that they not do so in cases originally brought in

24

25  declined to reach the issue as to the other defendants, because it
26  determined that even if 1445(c) otherwise applied, its bar against
    removal could be waived.

6

1 state court under state worker's compensation laws.

2     Third, "Congress was concerned that 'in a number of states
3 the workload of the Federal courts has greatly increased because
4 of the removal of workmen's compensation cases from the State
5 courts to the Federal courts.'" Id. at 1061 n.6 (quoting S.Rep.
6 No. 1830 (1958)). As a general rule, denial of a motion to
7 remand in a case such as this one would not support the
8 Congressional policy of conserving federal judicial resources.
9 Instead, all worker's compensation claims brought by employers
10 or insurers would presumably become subject to federal
11 jurisdiction.

12     Thus, all three of the Congressional policies embodied in
13 § 1445(c), as explained in Vasquez, support the application of
14 the statute in this case. The concerns animating the statute
15 evince a general policy of strictly limiting diversity
16 jurisdiction in cases involving state worker's compensation law;
17 for this reason, courts have generally read the statute quite
18 broadly. See, e.g., Jones, 931 F.2d at 1092 ("Because Congress
19 intended that all cases arising under a state's workers'
20 compensation scheme remain in state court, we believe that we
21 should read section 1445(c) broadly to further that purpose.").
22 Because both the plain meaning and the legislative history of
23 28 U.S.C. § 1445(c) militate against removal of this case to
24 federal court, the court is divested of subject matter
25 jurisdiction over the case and must remand.
26 ////

7

1       For the foregoing reasons, the court hereby ORDERS the

2    above-captioned case REMANDED to the Superior Court of the State

3    of California in and for the County of San Joaquin.

4       IT IS SO ORDERED

5       DATED:   January 24, 2003.

6

7                                    _____
                                    LAWRENCE K. KARLTON
                                    SENIOR JUDGE
8                                    UNITED STATES DISTRICT COURT

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

                                        8

United States District Court
for the
Eastern District of California
January 30, 2003

\* \* CERTIFICATE OF SERVICE \* \*

2:02-cv-02325

Zurich American Ins

v.

General Motors Corpo

---

I, the undersigned, hereby certify that I am an employee in the Office of
the Clerk, U.S. District Court, Eastern District of California.

That on  January 30, 2003, I SERVED a true and correct copy(ies) of
the attached, by placing said copy(ies) in a postage paid envelope
addressed to the person(s) hereinafter listed, by depositing said
envelope in the U.S. Mail, by placing said copy(ies) into an inter-office
delivery receptacle located in the Clerk's office, or, pursuant to prior
authorization by counsel, via facsimile.

    James Brian Knezovich    AR/LKK (4)
    Laughlin Falbo Levy and Moresi
    106 K Street
    Second Floor
    Sacramento, CA  95814-3213

    Lawrence Robert Ramsey
    Bowman and Brooke
    1741 Technology Drive
    Suite 200
    San Jose, CA  95110-1355

    San Joaquin Superior Court
    222 E Weber Avenue
    Stockton, CA 95202-2709
    (Case # *cv 016621*)

    *VAC SC 3/10/03*

Jack L. Wagner, Clerk

BY: _____
       Deputy Clerk